## LEVI C. MERRICK ET AL.
### v.
## ALVIN HULBERT.

CHANCERY—PRESUMPTION OF PAYMENT.—The mere absence of the coupon interest note in this case, unaccounted for, raises a *prima facie* presumption of payment, and especially is this true as against a holder who, though a party to the proceeding, asserts no rights and suffers himself to be defaulted for want of an answer. The decree should therefore be modified by striking out the amount found to be due K. on the coupon interest note. (Merrick v. Hulbert, 15 Bradwell, 606.)

APPEAL from the Superior Court of Cook county; the Hon. GEORGE H. GARDNER, Judge, presiding. Opinion filed October 22, 1885.

Mr. J. D. WALLACE, for appellants.

Messrs. MILLARD & SMITH, for appellee.

Bailey, P. J.  This case was before this court on appeal at the October term, 1884, at which time a decree in favor of Hulbert, the complainant, was reversed.  Merrick v. Hulbert, 15 Bradwell, 606.  A rehearing has been had in the court below upon the same evidence contained in the former record, and a decree rendered in favor of the complainant, in conformity with the principles laid down in our former decision, so far as we then had occasion to express an opinion.  Certain questions relating to the first interest coupon, which did not arise upon the former appeal, are now presented, and constitute the only matter in the case now open for discussion in this court.

It will be remembered that at the time of the assignment of the notes and deed of trust from Keogh to the complainant, the first interest coupon was overdue, and that upon assigning the principal note with the coupon notes not due to the complainant, the overdue coupon was retained by Keogh. The bill alleges an agreement that the coupon so retained should be postponed to the principal and other coupon notes in its participation in the security of the deed of trust, but the evidence fails to establish that or any other agreement on that subject.  Keogh, failing to appear, was defaulted, so that no relief was asked or evidence offered in his behalf.  The coupon note retained by him was not offered in evidence, or produced at the hearing, nor was its absence accounted for, nor any evidence given in relation to its whereabouts or what had become of it.  Whether Keogh still holds it, or has negotiated it, or whether it has been taken up by the maker, does not appear.  The court, however, in computing the amount due under the deed of trust, included said note, finding the amount due thereon to be $896, and adding that to the sum due the complainant, ordered a sale of the mortgaged premises for the amount thus produced, and the payment of said sum of $896 to Keogh.

We are able to find no warrant in the record for this portion of the decree.  The mere absence of the coupon interest note, unaccounted for, of itself raises a *prima facie* presumption of payment.  Especially is this true as against a holder,

who, though a party to the proceeding, asserts no rights, and suffers himself to be defaulted for want of an answer. If said note is outstanding and unpaid in the hands of Keogh, as the decree seems to assume, it was incumbent on him to assert his lien, at least by answer, and to produce his note at the hearing, or satisfactorily account for its absence.

We are unable to assent to the position taken by counsel for the complainant, that, notwithstanding the non-production of the coupon note, the installment of interest, for which it was given, is sufficiently proven by the principal note, which provides for the payment of ten per cent. annual interest. Such might be the case if said installment of interest were not further evidenced by the coupon note, which, if not paid, is outstanding in hands other than those of the complainant, Such note is a security quite independent of the principal note, and can be set up and availed of only by the party to whom it equitably belongs.

In our opinion, the decree should be modified by striking out of it the $896 found to be due to Keogh on account of said first coupon note, and that in all other respects it should be affirmed, the appellants and the appellee to each pay one half of the costs of this appeal. Let a decree be entered accordingly.

Decree modified.